IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANGELA NORTHCUTT,          )
                           )
        Plaintiff,         )
                           )
v.                         )   No. CIV-20-885-R
                           )
                           )
BRENT FULTON,              )
FULTON TRICKING, LLC, and  )
GREAT WEST CASUALTY        )
COMPANY,                   )
                           )
        Defendants.        )

**ORDER**

Before the Court is Plaintiff Angela Northcutt's ("Plaintiff") Motion to Remand, Doc. No. 12, to which Defendants filed a response, Doc. No. 18. Upon review of the parties' submissions, the Court finds as follows.

Defendants can remove an action from state court to federal court if the federal district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Original subject-matter jurisdiction exists over a matter, pursuant to 28 U.S.C. § 1332(a), when the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). The "party invoking federal jurisdiction bears the burden of proof" because federal jurisdiction is limited. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013).

Plaintiff argues that the Court should remand its action to state court for two reasons:

1) [d]efendants' notice of removal was procedurally defective because Defendant Fulton Trucking, LLC, as an inactive limited liability company,

could not join or consent to the removal, and 2) Defendants fail to affirmatively establish Fulton Trucking, LLC's citizenship at the time this action was brought to support complete diversity in this action."

Doc. No. 12, p. 1.

First, Plaintiff argues that under Okla. Stat. tit. 18, § 2055.2, Fulton Trucking failed to either file its annual certificate or pay the annual fee to the Oklahoma Secretary of State, forcing it into "inactive status." *Id.* p. 4. Accordingly, Plaintiff argues, Fulton Trucking's inactive status prevents it from removing the action to federal court. *Id.* Thus, Plaintiff claims, "Fulton Trucking could not conduct any court business on its behalf in the state court or this Court until it was reinstated in good standing under Oklahoma law." *Id.*

Okla. Stat. tit. 18, § 2055.2 requires limited liability companies to obtain an annual certificate from the Office of the Secretary of State for $25.00. Failing to pay the fee prevents limited liability companies from "maintain[ing] any action, suit or proceeding … until the … company has been reinstated." Okla. Stat. tit. 18, § 2055.2(F). However, "[t]he failure of a domestic limited liability company … to file an annual certificate and pay an annual certificate fee … shall not … prevent the domestic limited liability company … from defending any action, suit or proceeding with any court of this state." Okla. Stat. tit. 18, § 2055.3. Here, when Fulton Trucking joined in the removal of the action, it defended itself from a "suit or proceeding with any court of this state." *Id.* For this reason, Defendants' Notice of Removal was not defective due to Fulton Trucking's inactive limited liability company status in Oklahoma.

Second, Plaintiff argues that Fulton Trucking's citizenship was not "affirmatively established on the face of … the petition…", and therefore, its removal was improper. Doc.

2

No. 12, pp. 5–6 (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Defendant counters that Fulton Trucking takes on the citizenship of its sole member, Brent Fulton, and is therefore a citizen of Nebraska, maintaining diversity jurisdiction. Doc. No. 18, p. 6–7.

The Tenth Circuit has held, along with every other circuit to consider an LLC's citizenship, that "an LLC's citizenship is determined by reference to the citizenship of each and every one of its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1235–36 (10th Cir. 2015). Brent Fulton is the only member of Fulton Trucking; therefore, Fulton Trucking's citizenship is derivative of Brent Fulton's. Thus, the Court must first determine where Brent Fulton is domiciled because where he is domiciled, so is Fulton Trucking.

In the Notice of Removal, Defendants explained that Brent Fulton is domiciled in Nebraska. Doc. No. 1, ¶ 6. Plaintiff never specifically objected to Brent Fulton's citizenship in Nebraska; however, she does state that after the accident occurred in 2018, the traffic collision report and Fulton Trucking's registered service agent displayed Oklahoma addresses. Doc. No. 21, p. 7. However, "[a] person's domicile is determined at the time the action is filed," not when the event that caused the litigation occurred. *Fischer v. Exxon Mobile Corp.*, No. CIV-20-0105-F, 2020 WL 3038081, at *1 n.1 (W.D. Okla. June 5, 2020) (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)). Thus, whether Brent Fulton had an address in Oklahoma at the time of the car accident is irrelevant if he was domiciled in Nebraska when Plaintiff filed suit against him on March 13, 2020. Doc. No. 1-2, p. 1.

The party invoking jurisdiction must show complete diversity of citizenship between the adverse parties. *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). A person is a "citizen of a state if the person is domiciled in that state…", and a person's domicile is determined by a consideration of the totality of the circumstances. *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014) (internal citations omitted). Further, a party's residence can serve as *prima facie* evidence of citizenship. *See State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 518–20 (10th Cir. 1994); ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* [evidence of] the domicile.") (citing *Walden v. Broce Construction Co.,* 357 F.2d 242, 245 (10th Cir. 1966); *Houston v. Astle,* 435 F.2d 847, 848 (3d Cir.1970)). For example, a district court in the District of New Mexico held that the preponderance of the evidence fell on the side of finding that a party was a Texas citizen when the defendant submitted an affidavit as evidence of his Texas residency, and thus, Texas citizenship. *McEntire v. Kmart Corp.*, No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *10 (D.N.M. Feb. 9, 2010).

Additionally, in *Nat'l Inspection & Repairs, Inc. v. George S. May Int'l Co.*, 202 F. Supp. 2d 1238, 1241–43 (D. Kan. 2002), the court found that a defendant met the burden of proving citizenship outside of Kansas by providing affidavits and a copy of the defendant's driver's license record. Further, the court reasoned that because the defendant did not respond to a letter mailed to the address that the plaintiff argued was his Kansas residence, the presumption of domicile outside of Kansas was not rebutted. *Id.* at 1242. Thus, the court concluded that the defendant made a showing of complete diversity of citizenship, and the court denied the plaintiff's motion to remand. *Id.* at 1243.

Here, despite serving Brent Fulton at his address in Nebraska, in her state court petition, Plaintiff alleged that Brent Fulton was an Oklahoma resident "at the time of the car wreck." Doc. No. 1-2, ¶ 2. In the Notice of Removal, Defendants stated that Brent Fulton is domiciled in Nebraska. Doc. No. 1, ¶ 6. Neither Plaintiff's use of the traffic collision report in 2018, nor the address of a registered agent of Fulton Trucking while inactive, indicate that Brent Fulton was domiciled in Oklahoma *when Plaintiff brought suit*. *See, e.g.*, *Fischer*, No. CIV-20-0105-F, 2020 WL 3038081, at *1 n. 1 (emphasis added). While Plaintiff argues that there is uncertainty as to Brent Fulton's citizenship, Doc. No. 12, p. 7, she has failed to rebut the presumption that Brent Fulton is domiciled in Nebraska. Further, Brent Fulton was served at his Nebraska address—which operates as *prima facie* evidence of his citizenship. Doc. No. 1-4, p. 2; *see State Farm,* 19 F.3d at 520. Thus, Brent Fulton is domiciled in Nebraska for the purpose of diversity of citizenship.

Because an LLC's citizenship is determined by the citizenship of its members, and Brent Fulton is the sole member of Fulton Trucking, it is also a citizen of Nebraska. *Siloam Springs*, 781 F.3d at 1235–36. Thus, Plaintiff, a citizen of Oklahoma, is completely diverse from all defendants because each defendant is a citizen of Nebraska. Therefore, complete diversity is satisfied, Defendants' removal was proper, and Plaintiff's motion to remand is hereby DENIED.

**IT IS SO ORDERED** on this 15th day of December 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

5