IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA NORTHCUTT, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. CIV-20-885-R |
| | ) |
| BRENT FULTON, | ) |
| FULTON TRICKING, LLC, and | ) |
| GREAT WEST CASUALTY | ) |
| COMPANY, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Defendant Great West Casualty Company's ("Great West") Motion to Dismiss. Doc. No. 7. Plaintiff Angela Northcutt ("Plaintiff") filed a response, Doc. No. 13, as well as a supplemental response. Doc. No. 17. Upon review of the parties' submissions, the Court finds as follows.

This case arises out of a multi-vehicle car accident near Ponca City, Oklahoma on March 16, 2018 between Plaintiff and a semitractor-trailer driven by Brent Fulton. Doc. No. 7, p. 1. Plaintiff filed suit in state court on March 13, 2020, alleging liability against Brent Fulton and Fulton Trucking on various negligence theories. *Id.* (citing Doc. No. 1-2, ¶¶ 11–13, 16–18). Plaintiff also alleges that Great West is liable under the Oklahoma Motor Carrier Act of 1995 ("OMCA") because it was Fulton and Fulton Trucking's insurer at the time of the accident between Plaintiff and Fulton. Doc. No. 1-2, ¶ 20. Great West, however,

moves the Court to dismiss Plaintiff's claim against it because, it argues, "[Plaintiff] has not pleaded any facts permitting a direct action against [Great West]." Doc. No. 7, p. 2.

In considering Defendants' Motions to Dismiss under Rule 12(b)(6), the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. The motion is properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Complaint must contain enough "facts to state a claim to relief that is plausible on its face," *id.* at 570, and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted). The Court must accept all the well-pleaded allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

Great West argues that Fulton Trucking is "not an *intrastate* motor carrier of household goods, therefore, § 169(A) is inapplicable." Doc. No. 7, p. 4. Great West also argues, alternatively, that "Section 230.30 is inapplicable because [Fulton Trucking] is registered in its home state of Nebraska under the Unified Carrier Registration System." *Id.*

Plaintiff responds that it sufficiently alleged that Plaintiff "suffered injury as a result of the operation of a motor carrier and that the motor carrier was required to be insured by the statute and was actually insured pursuant to the statute at the time of the incident." Doc. No. 13, p. 1 (citing *Weekley v. Bennett Motor Express, LLC*, 858 F. Supp. 2d 1257, 1260 (N.D. Okla. 2012)).

Generally, "to state a claim against an insurer under [Okla. Stat. tit. 47] § 230.30, a plaintiff need only allege that: (1) he suffered injury; (2) the injury occurred by operation of a motor carrier; and (3) the motor carrier was required to be and was in fact insured pursuant to § 230.30." *Weekley,* 858 F. Supp. 2d at 1260 (citing *Mize v. Liberty Mut. Ins. Co.*, 393 F. Supp. 2d 1223, 1226–27 (W.D. Okla. 2005)). In *Mize,* the plaintiff filed suit against the United Parcel Service, Inc. ("UPS") and Liberty Mutual Insurance Company ("Liberty"), seeking recovery for property damage and injuries sustained in a vehicular collision with a UPS employee. 393 F. Supp. 2d at 1225. The plaintiff alleged that Liberty was a Massachusetts insurance company authorized to operate in Oklahoma, the licensed insurance carrier for UPS, and a proper defendant under Okla. Stat. tit. 47 § 230.30. *Id.* at 1226. The court found that the plaintiff sufficiently stated a claim because he alleged that he was injured by a motor carrier and he "impliedly allege[d] that UPS was required to be and was in fact insured by [Liberty] pursuant to § 230.30." Accordingly, the court denied Liberty's motion to dismiss.

Courts have routinely held that when plaintiffs fail to plead that § 230.30 applies to the defendants, the plaintiff fails to state a claim and the motion to dismiss should be granted. *See, e.g.*, *Beebe v. Flores*, No. CIV-11-1381-HE, 2012 WL 137780, at *1 (W.D.

Okla. Jan. 18, 2012) (plaintiff failed to state claim when petition did not "allege any facts indicating § 230.30 applie[d] to defendants…"); *Simpson v. Litt*, No. CIV-17-339-R, 2017 WL 2271484, at *3 (W.D. Okla. May 23, 2017) ("[F]ederal courts have been unanimous in holding that the insurance companies for interstate carriers who have not filed proof of insurance in Oklahoma may not be named as joint defendants.") (collecting cases).

Plaintiff's petition fails to allege that Great West has filed proof of insurance in Oklahoma. In Plaintiff's petition, she alleged that she suffered an injury and that Great West is directly liable because it insured Fulton Trucking "[p]ursuant to the Oklahoma Motor Carrier Act of 1995...". Doc. No. 1-2, ¶¶ 6, 19–21. However, "[Plaintiff] does not allege that FT filed a copy of its liability policy with the OCC, nor is there an allegation that Oklahoma is [Fulton Trucking's] home state in which it completed its UCR." Doc. No. 7, p. 6. Thus, Plaintiff fails to state a claim against Great West.

Defendant's motion to dismiss is hereby GRANTED. Plaintiff is granted leave to amend her Complaint within 14 days of this order.

**IT IS SO ORDERED** on this 15th day of December 2020.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE