IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA NORTHCUTT, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. CIV-20-885-R |
| | ) |
| BRENT FULTON, | ) |
| FULTON TRICKING, LLC, and | ) |
| GREAT WEST CASUALTY | ) |
| COMPANY, | ) |
| | ) |
| **Defendants.** | ) |

## **ORDER**

Before the Court is Defendant Brent Fulton and Fulton Trucking, LLC's ("Defendants") Partial Motion to Dismiss. Doc. No. 6. Plaintiff responded in opposition, Doc. No. 14, and then Defendants filed a reply. Doc. No. 19. Upon review, the Court finds as follows.

This case arises out of a multi-vehicle car accident near Ponca City, Oklahoma on March 16, 2018 between Plaintiff and a semitractor-trailer driven by Brent Fulton. Doc. No. 6, p. 2. Plaintiff filed suit in state court on March 13, 2020, alleging she sustained injuries as a result of Brent Fulton's "negligence and negligence per se" and Fulton Trucking's "negligent training and supervision of Fulton." *Id.* (citing Doc. No. 1-2, ¶¶ 11–13, 16–18. Defendants move the Court to dismiss Plaintiff's claims of negligence per se, negligent supervision, and negligent training against Brent Fulton, as well as negligent entrustment of Fulton Trucking. Doc. No. 6, p. 1.

In considering Defendants' Motions to Dismiss under Rule 12(b)(6), the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. The motion is properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's Complaint must contain enough "facts to state a claim to relief that is plausible on its face," *id.* at 570, and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted). The Court must accept all the well-pleaded allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). But the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).

Defendants argue that Plaintiff fails to "provide any factual support" for her claims, and that accordingly, they should be dismissed. *Id.* p. 2.

Plaintiff does not oppose the dismissal of her negligence per se claim against Fulton. Doc. No. 14, p. 2. Further, in her reply, Plaintiff does not contest the merits of *any* of Defendants' motion to dismiss. Doc. No. 14. Rather, Plaintiff argues only that Fulton Trucking "filed its Motion to Dismiss while it was an inactive limited liability company…", and therefore, its motion should not be considered. *Id.*

Okla. Stat. tit. 18, § 2055.2 describes the statutory requirement for limited liability companies to obtain an annual certificate from the Office of the Secretary of State for an annual fee of $25.00. Failing to pay the annual fee prevents limited liability companies from "maintain[ing] any action, suit or proceeding … until the … company has been reinstated." Okla. Stat. tit. 18, § 2055.2(F). However, "[t]he failure of a domestic limited liability company … to file an annual certificate and pay an annual certificate fee … shall not … prevent the domestic limited liability company … from defending any action, suit or proceeding with any court of this state." Okla. Stat. tit. 18, § 2055.3. Here, Fulton Trucking's motion to dismiss is clearly an attempt to defend itself from a "suit or proceeding with any court of this state." *Id.*

For this reason, it properly moved to dismiss this action under Fed. R. Civ. P. 12(b)(6), and therefore, Plaintiff's argument—that Fulton Trucking's motion to dismiss should not be considered—fails.

Courts routinely deem an issue "waived" when a party fails to respond to a movant's substantive argument. *See, e.g.*, *Rock Roofing, LLC v. Travelers Cas. & Sur. Co.*, 413 F. Supp. 3d 1122, 1128 (D.N.M. 2019) (plaintiff's failure to respond to defendant's argument waived the issue); *Zane v. Kramer*, 195 F. Supp. 3d 1243, 1256 (W.D. Okla. 2016) (plaintiff waived claim where he did not respond to argument raised in defendants' summary judgment motion); *Palmer v. Unified Gov't of Wyandotte Cty./Kan. City, Kan.*, 72 F. Supp. 2d 1237, 1250–51 (D. Kan. 1999) ("[T]he court deems plaintiff's failure to respond to an argument raised in defendants' papers tantamount to an express abandonment of any such claim."). Here, Plaintiff argued that Fulton Trucking was an inactive company,

3

but otherwise failed to substantively respond to Defendants' motion to dismiss. Doc. No. 14. Because Fulton Trucking's inactive status does not preclude it from defending itself in court and Plaintiff failed to respond to the substance of the motion to dismiss, Defendants' motion is hereby GRANTED IN ITS ENTIRETY.

Accordingly, Plaintiffs' claims for negligence per se and negligent supervision and training against Brent Fulton, as well as negligent entrustment of Fulton Trucking, are DISMISSED.

**IT IS SO ORDERED** on this 15th day of December 2020.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE